### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### EASTERN DIVISION

**UNITED STATES OF AMERICA**

v.                                                              **CRIMINAL ACTION NO. 2:98-CR-5-KS-MTP**

**DEWAYNE DAMPER**

### ORDER

This matter is before the Court on Petitioner Dewayne Damper's ("Petitioner") Motion for Reconsideration of 18 U.S.C. § 3582(c)(2) Motion Under Amendment 782 ("Motion for Reconsideration") [226]. For the reasons set out below, the Court finds that Petitioner's motion should be denied.

Petitioner contends that Amendment 782 of the Federal Sentencing Guidelines, coupled with the Court's decision in his previous Motion to Modify or Correct Sentence [104] grounded in the intervening decision in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L.Ed.2d 435 (2000), reduces his offense level from 41 to 33, and that his sentence of 360 months should be reduced accordingly. Amendment 782 "reduces by two levels the offense levels assigned to the quantities that trigger the statutory mandatory minimum penalties."

Petitioner's sentence of 360 months in prison was based on his offense level of 41 and Criminal History Category of IV, which the Sentencing Guidelines give a sentencing range of 360 months to life. This sentence comported with the statutorily allowed penalties under 21 U.S.C. § 841(b)(1)(C), which sets the maximum sentence with an enhancement for prior felony drug convictions at 360 months. (*See* Report and Recommendation [119] at p. 5.) The Court found in analyzing Petitioner's Motion to Modify or Correct Sentence [104] that *Apprendi* did not apply, as the Petitioner's sentence did not exceed the statutory maximum under § 841(b)(1)(C). (*Id.*) The

only aspect of his sentence which was modified was Petitioner's term of supervised release, which was reduced from eight years to six years, as the mandatory term under § 841(b)(1)(C). (*See id.*) No other aspect of Petitioner's sentence was modified, and his offense level was not reduced. Petitioner's offense level remains at 41, with a Criminal History Category of IV.

Petitioner is attempting now to argue that his offense level after the modification of his sentence is actually 35, by taking the statutory sentencing range of § 841(b)(1)(C) and computing a new offense level for himself based on the ranges under the Sentencing Guidelines. This argument, however, has no basis in law or fact. Petitioner's offense level is 41. With Amendment 782, his offense level is reduced to 39, which still carries a sentencing range of 360 months to life. A sentence of 360 months remains appropriate both under the Sentencing Guidelines and 21 U.S.C. § 841(b)(1)(C). Therefore, Petitioner's Motion for Reconsideration [226] will be **denied**.

IT IS THEREFORE ORDERED AND ADJUDGED that Petitioner's Motion for Reconsideration [226] is **denied**.

SO ORDERED AND ADJUDGED this the 7th day of January, 2016.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE